UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-80155-CR-Moore

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK GUSOW,

    Defendant.
_____/



## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

### I. Background

The Defendant, MARK GUSOW, appeared before the Court on June 24, 2019 for a status re: final hearing on the Superseding Petition for Warrant or Summons for Offender Under Supervision ("Petition") [DE 57]. Defendant was originally convicted in the Southern District of Florida of conspiracy to distribute and dispense and possess with intent to distribute and dispense oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), a class C felony; possession with intent to dispense and distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), a class C felony; and intentionally employing, using, persuading and inducing a person under 18 years of age to violate the Drug Abuse Prevention and Control Act, in violation of 21 U.S.C. §§ 861(a)(1) and 861(b), a class B felony.

On July 22, 2005, Senior United States District Judge Kenneth L. Ryskamp sentenced Defendant to 100 months of imprisonment followed by six years of supervised release. Defendant's term of supervised release commenced on January 6, 2012. This case was reassigned

to Chief United States District Judge K. Michael Moore.

Defendant is now charged with the following violations of his supervised release in the Petition [DE 57]:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about August 16, 2017, in Palm Beach County, Florida, Defendant committed the offense of grand theft contrary to Florida Statute 812.014(1) and (2)(c).

2. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about June 7, 2018, in Broward County, Florida, Defendant committed the offense of petit theft contrary to Florida Statute 812.914(2)(e).

3. **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. According to the Petition, on or about August 17, 2017, Defendant was questioned by law enforcement, and he failed to advise the U.S. Probation officer.

4. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about April 9, 2019, in Palm Beach County, Florida, Defendant committed the offense of driving under suspension with knowledge contrary to Florida Statute 322.34(2).

## II. Summary of Hearing

At the June 24, 2019 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations

alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing, Defendant admitted to allegations #1, 2, and 3 in the Petition. The Court finds that Defendant made his waiver and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations #1, 2, and 3, and its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations #1, 2, and 3, as alleged in the Petition [DE 57]. The Government presented no evidence to support that Defendant committed allegation #4.

The Court notes that the Government and Defendant have also agreed on a joint sentencing recommendation, subject to the District Judge's approval, that Defendant's term of supervised release be revoked, but then immediately be reinstated with the same conditions. However, Defendant was advised that the recommendation is not binding on the Court and that the Court may sentence Defendant to a maximum of three years in prison and a lifetime term of supervised release.

### III. Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable K. Michael Moore, Chief United States District Judge, find that Defendant has violated the terms and conditions of supervised release as to allegations # 1, 2, and 3 of the Petition [DE 57]. The Court further recommends that Chief United States District Judge K. Michael Moore dismiss allegation #4. Finally, the Court recommends that Judge Moore schedule a sentencing hearing on allegations #1-3.

A party shall file written objections, if any, to this Report and Recommendation with Chief United States District Judge K. Michael Moore within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 24th day of June, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE